**UNITED STATES of America**

v.

**William C. BURHOE, Defendant.**

**No.  CR–06–57–B–W.**

United States District Court,
D. Maine.

Feb. 27, 2008.

David W. Bate, Law Office of David W. Bate, Bangor, ME, for Defendant.

F. Todd Lowell, Office of the U.S. Attorney, Bangor, ME, for Plaintiff.

**ORDER ON DEFENDANT'S MOTION FOR A § 4246 HOSPITALIZATION PROCEEDING AND FOR THE RIGHT TO BE PHYSICALLY PRESENT AT A § 4247(d) HEARING PURSUANT TO § 4241**

JOHN A. WOODCOCK, JR., District Judge.

Under 18 U.S.C. § 4241, a defendant whose competence is at issue is entitled to

a hearing to determine his competence, and under 18 U.S.C. § 4246, a defendant who has been found incompetent and unlikely to improve is entitled to a hearing to determine whether he should be hospitalized. Over the Defendant's objection, the Court concludes that skipping a § 4241 hearing and initiating a § 4246 proceeding in its place would not be an appropriate sanction for the Government's failure to maintain an active order of custody while a § 4241 determination is being resolved. The Court grants Defendant's request to be present at the 18 U.S.C. § 4247(d) hearing held pursuant to 18 U.S.C. § 4241, and orders that Mr. Burhoe be brought to Maine for the hearing. Finally, over Mr. Burhoe's objection, the Court declines to rescind its prior Order, which authorized the Attorney General to retain him for hospitalization until the Court rules on the § 4241 issue or until April 30, 2008, whichever is earlier.

## I. STATEMENT OF FACTS

On September 7, 2006, a federal grand jury indicted William C. Burhoe for an alleged violation of 18 U.S.C. § 922(g)(4), possession of a firearm by a person previously involuntarily committed to a mental institution. *Indictment* (Docket # 1). On October 6, 2006, the Government moved for detention and for a psychiatric examination. *Mot. for Psychiatric or Psychological Evaluation* (Docket # 8); *Mot. for Detention* (Docket # 9). On the same day, the Court ordered Mr. Burhoe committed to the custody of the Attorney General to undergo a psychiatric examination to determine his competency to stand trial.[1] *Order* (Docket # 10). Following the receipt of a psychological report, the Court held a competency hearing on June 15,

2007 pursuant to 18 U.S.C. § 4246(d). By written order dated June 20, 2007, the Court found that "the defendant is presently suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him and unable to assist properly in his defense." *Order* at 1 (Docket # 42). The Court committed Mr. Burhoe to the custody of the Attorney General to hospitalize him for treatment

for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward; and for an additional reasonable period of time until—(A) his mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceeding to go forward; or (B) the pending charges against him are disposed of according to law; whichever is earlier.

*Id.* at 2.

On October 29, 2007, the Court received a psychiatric report from the Bureau of Prisons. The report concluded that Mr. Burhoe remained not competent to proceed to trial and recommended antipsychotic medication, opining that there is a substantial probability that Mr. Burhoe can be restored to competency if he receives antipsychotic medication. At the same time, however, the report noted that Mr. Burhoe had refused to voluntarily undergo the recommended therapy. The report recommended that the Court require

---

1. The Defendant later moved for reconsideration based on his contention that he had established a rapport with a particular treating psychologist and would likely deteriorate if moved out of state to a federal facility for the evaluation. *Def.'s Mot. to Recon. Order for Competency Evaluation* (Docket # 12). The Court denied the motion. *Order* (Docket # 22).

Mr. Burhoe to undergo involuntary prescriptive treatment.

The October report left unanswered certain questions relevant to the analysis dictated by *Sell v. United States,* 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003). Accordingly, on November 13, 2007, after a conference with counsel, the Court ordered that the Federal Medical Center prepare a supplemental report, addressing the *Sell* concerns. *Order* (Docket # 62). On November 20, 2007, the Government moved to extend Mr. Burhoe's hospitalization to January 11, 2008, and on November 21, 2007, the Court granted the motion without objection by the Defendant. *Mot. to Extend Period of Hospitalization* (Docket # 66); *Order* (Docket # 68). The Court received a faxed copy of a supplemental report on February 8, 2008, and a hard copy on February 19, 2008. On February 14, 2008, Mr. Burhoe moved for a § 4246 hospitalization proceeding and the same day, the Court held a conference of counsel. *Def.'s Mot. for a § 4246 Hospitalization Proceeding* (Docket # 69) (*Def.'s Mot.*). At the conference, it was agreed that an evidentiary hearing will be necessary, whether it is a *Sell* hearing or a § 4246 hospitalization hearing. On February 15, 2008, the Court granted the Government's motion, without objection, to extend the hospitalization period to April 30, 2008. *Order on Government's Second Mot. to Extend Period of Hospitalization* (Docket # 74). On February 25, 2008, Mr. Burhoe filed another motion, requesting to be present during the hearing, and asking the Court to re-

scind its second hospitalization extension. *Def.'s Mot. to be Present During § 4241(d) Hearing* (Docket # 78) (*Def.'s Mot. to be Present*).

## II. DISCUSSION

### A. THE DEFENDANT'S MOTION FOR A § 4246 PROCEEDING

■ Mr. Burhoe first contends that the lapse of the custodial order on January 11 requires that the case be treated as a § 4246 hospitalization proceeding. *Def.'s Mot.* He asserts that "January 11, 2008 [was] the 'end of the time period' authorized by this Court pursuant to § 4241(d)(2)(A)" and the Court is required "to determine whether 'the defendant's mental condition has not so improved as to permit the trial to proceed.'" *Id.* at 2. He goes on to state that "[i]f the defendant's mental condition has not so improved, then § 4246 hospitalization proceedings must commence immediately." *Id.* He cites § 4241(d) as support. *Id.*

The Court disagrees with Mr. Burhoe on a number of bases. First, the statute contemplates a resort to § 4246 only if the court has made a determination that "the defendant's mental condition has not so improved as to permit proceedings to go forward." 18 U.S.C. § 4241(d). The Court has made no such determination. Second, a § 4246 proceeding is not a procedural default provision for § 4241. If the Government fails to comply with the custodial timing requirements of § 4241, the statute does not contemplate that § 4246 proceedings must be commenced as a sanction for the Government's miscue.[2]

---

**2.** This is particularly true here, where the Government's failure to move for an extension of Mr. Burhoe's custody while the mental health professionals completed the supplemental *Sell* report was apparently inadvertent, lasted approximately one month, and has been remedied by a subsequent order. Further, the parties agreed both before and after the lapse in the custodial extension that it is in Mr. Burhoe's best interest to remain at

Butner while the *Sell* determination is resolved. *Order* at 1 ("[t]he parties agree that it is in the best interest of the defendant for him to remain at the medical center pending the determination of whether the involuntary administration of medication is appropriate under *Sell.*"); *Order on Government's Mot. to Extend Period of Hospitalization* (Docket # 68) ("The parties agree that an extension of the

Third, the Defendant's position improperly conflates custody with a § 4241 determination. The remedy for the Government's failure to obtain an ongoing custodial order is to resolve the custody issue, not to make assumptions about the defendant's mental condition and to proceed with a hospitalization hearing.

But, the Court disagrees on a more fundamental level with the Defendant. Mr. Burhoe's motion contains the implicit view that the § 4241 procedure under which the court determines competency is a matter to be avoided and that he would be better protected by a § 4246 proceeding. The Court takes serious exception to Mr. Burhoe's premise. By safeguarding the rights of a defendant whose competency to stand trial is in doubt, the § 4241 procedure is designed to protect, not to punish defendants. The combined statutory protections under § 4241 and its companion provisions include the right to a mental competency evaluation by mental health professionals, the right to challenge their determinations by separate evaluation, and the right to a hearing. These statutory protections have been judicially enhanced by the *Sell* restrictions against involuntary treatment.

Moreover, if the Court concludes that the defendant's mental condition has not so improved as to permit proceedings to go forward, the additional protections of § 4246 may become effective. Thus, a defendant has the possibility of dual protections, both a § 4241 hearing and a § 4246 hearing. To sanction the Government's failure to obtain currently effective custodial orders by ordering that the matter proceed directly to § 4246 would be to sanction the defendant for the Government's lapse, depriving him of his statutory right to have his competency to stand trial judicially evaluated and determined.

### B. THE DEFENDANT'S MOTION FOR PHYSICAL PRESENCE AT THE § 4247(d) HEARING OR THE PHYSICAL PRESENCE OF HIS ATTORNEY WITH HIM AT A VIDEO CONFERENCE HEARING

■ Mr. Burhoe requests that he "be transported from FMC Butner to the District of Maine to enable him to participate, in person, at all hearings in this matter." *Def.'s Mot. to be Present* at 1. Whether a defendant is entitled to the full panoply of constitutional rights at a § 4247(d) hearing to determine competency under § 4241 is not settled. *United States v. Hamilton,* 107 F.3d 499, 504 (7th Cir.1997) ("And it is unclear whether the Confrontation Clause applies to pretrial competency hearings."); *United States v. Algere,* 457 F.Supp.2d 695, 702 (E.D.La.2005) (concluding that conducting a *Sell* hearing by videoconfer-

---

defendant's hospitalization is necessary in order to allow the doctors at the Butner facility to issue a supplemental order and they agree that an extension for that purpose is in the best interest of the defendant.").

Mr. Burhoe now contends that remaining at Butner until the *Sell* issue is decided is not in his best interest. *Def.'s Mot. to be Present* at 2. He asks that the Court rescind its *Order on Government's Second Motion to Extend Period of Hospitalization* based upon his current position. In the circumstances of this case, there is no reason to alter the Court's Order dated February 15, 2008, which extended his hospitalization period "until the Court rules

on the pending request to involuntarily medicate the defendant ... or no later than April 30, 2008, unless further extended by the Court." *Order on Government's Second Mot. to Extend Period of Hospitalization* at 2 (Docket # 74). As the § 4241 hearing will be held forthwith, the current custodial order merely maintains the status quo. To rescind its custodial order makes little sense. An immediate recission would likely result in Mr. Burhoe's transportation to a jail, not a medical center, and it seems apparent as the parties earlier agreed that Mr. Burhoe's best interests are served for the time being by the availability of greater not fewer mental health services.

ence in which the Court appears by video teleconference and all other participants and witnesses are present in the same place as the defendant does not violate any rule or constitutional provision). Mr. Burhoe's presence in Maine will satisfy his right to counsel, such as it is, and will have the added benefit of the defendant's physical presence before the Court. Expert witnesses from North Carolina will be free to testify by video conference.[3]

## III. CONCLUSION

The Court:

1) DENIES the Defendant's Motion for a § 4246 Hospitalization Proceeding (Docket # 69);

2) GRANTS IN PART the Defendant's Motion to be Present during the hearing, by ORDERING the Defendant brought to Maine for the § 4247(d) hearing under § 4241 (Docket # 78); and

3) DENIES the Defendant's motion to rescind the Court's February 15, 2008 *Order on Government's Second Motion to Extend Period of Hospitalization* (Docket # 78).

SO ORDERED.

---

3. The Court had tentatively scheduled the § 4241 hearing for March 5, 2008 at 3:00 p.m. In view of the fact that Mr. Burhoe will now have to be brought to Maine for the hearing, the Court will schedule a conference with counsel and the United States Marshal to determine how quickly Mr. Burhoe can be brought here and, if his physical presence cannot be secured in Maine by March 5, the Court will reset the hearing for an earliest possible date.